IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latasha Boyd, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-711-BHH |
| City of Spartanburg, South Carolina DSS, Spartanburg Sheriff Department, South Carolina, United States, Derrick S. Wilkey, Sr., | ) **ORDER** |
|         Defendants. | ) |

This matter is before the Court upon Plaintiff Latasha Boyd's pro se ("Plaintiff") complaint against the above-named Defendants. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 5, 2024, Magistrate Judge Kevin F. McDonald issued a proper form order, instructing Plaintiff to bring her case into proper form for judicial screening. (ECF No. 5.) Plaintiff complied with the proper form order; however, after reviewing the complaint, the Magistrate Judge issued a report and recommendation ("Report") on April 12, 2024, outlining Plaintiff's allegations and recommending that the Court dismiss this action with prejudice (aside from claims barred by *Heck v. Humphrey* and the *Rooker-Feldman* doctrine), without leave to amend, and without issuance and service of process. (ECF No. 13.)

Specifically, in the Report, the Magistrate Judge explained that diversity jurisdiction does not exist and that Plaintiff' may not assert claims based upon the federal criminal

statutes cited in her complaint. Next, the Magistrate Judge explained that Plaintiff's claims for money damages and an order of protection against Mr. Wilkey, Sr., based on allegedly improper decisions of other South Carolina courts, are subject to dismissal pursuant to the *Rooker-Feldman* doctrine, which applies to bar the exercise of federal jurisdiction when the loser in state court sues in federal court seeking redress for an injury allegedly caused by ht estate court's decision. *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Additionally, the Magistrate Judge explained that, to the extent Plaintiff seeks money damages from Defendants based upon allegations of improper arrests, tickets, and convictions (which she does not allege have been reversed on direct appeal), such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As to Plaintiff's claims pursuant to the Federal Tort Claims Act, the Magistrate Judge found that Plaintiff's allegations frivolous and subject to summary dismissal. Likewise, as to Plaintiff's claim pursuant to 42 U.S.C. § 1983, the Magistrate Judge found: (1) Plaintiff's § 1983 claim against the State of South Carolina is subject to dismissal because South Carolina is entitled to Eleventh Amendment immunity; (2) Plaintiff's § 1983 claims against South Carolina Department of Social Services and the Spartanburg Sheriff's Department fail because these Defendants are not "persons" as defined by § 1983; (3) Plaintiff's claim for municipal liability against the city of Spartanburg fails because municipalities are not considered "persons" under § 1983 and because Plaintiff does not allege that any constitutionally offensive actions were taken by an individual defendant in furtherance of some municipal policy; and (4) Plaintiff's § 1983 claim against Derrick Wilkey, Sr., fails because he did not act under color of state law. As to Plaintiff's § 1985 and § 1986 claims, the Magistrate Judge also found them subject to summary dismissal, explaining that Plaintiff's allegations are conclusory and that Plaintiff

does not state a claim under any subsection of § 1985.  Furthermore, because Plaintiff's § 1985 claim fails, the Magistrate Judge explained that Plaintiff's § 1986 claim likewise fails.  Next, the Magistrate Judge explained that Plaintiff's complaint is subject to summary dismissal as frivolous because the factual allegations are not credible and are nonsensical.  Furthermore, to the extent Plaintiff seeks damages based on state law claims, the Magistrate Judge determined that the Court should abstain from exercising supplemental jurisdiction over such claims.  Lastly, the Magistrate Judge thoroughly outlined the numerous prior actions filed by Plaintiff, which the Court deemed frivolous, as well as the Court's prior warnings to Plaintiff that continuing to file frivolous litigation may lead to the imposition of sanctions or pre-filing restrictions.  (*See* ECF No. 13 at 15.)  Based on Plaintiff's history of filing duplicative and frivolous actions, the Magistrate Judge recommended that the Court sanction Plaintiff $405.00, payable to the Clerk of Court at 250 East North Street, Greenville, SC 29601, for filing this duplicative and frivolous action, and that the Court authorize the Clerk of Court to assign civil action numbers to future actions filed by Plaintiff prior to the payment of the filing fee and the sanction in this case, such that the Magistrate Judge may (1) instruct Plaintiff to pay the sanctions, which if not paid may result in dismissal of the future action without prejudice and without issuance and service of process, or (2) certify that the future action is not frivolous.

     Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On April 25, 2024, Plaintiff filed objections to the Magistrate Judge's Report as well as a proposed amended complaint.  (ECF Nos. 17 and 18.)

     The Magistrate Judge makes only a recommendation to the Court.  The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

After a thorough review of Plaintiff's objections, the Court finds them wholly without merit. First, the Court notes that Plaintiff's objections, much like the allegations of her complaint, are difficult to decipher and include patently frivolous allegations. (*See*, *e.g.*, ECF No. 17 at 3-5 (alleging, for example, that "[a]ll assumptions of magistrates must be dismissed because of a lack of personal jurisdiction" and that "[t]he conduct of negligence has been harsh in my life, creating a hostile environment using each institution to work against me to make my life a struggle.") Second, the Court finds that Plaintiff's objections fail to point to any legal or factual error in the Magistrate Judge's thorough analysis and fail to otherwise cure any of the deficiencies outlined by Magistrate Judge. Furthermore, the Court finds that Plaintiff's proposed amended complaint fails to cure any of the deficiencies outlined by the Magistrate Judge as it merely reiterates her frivolous allegations and is subject to dismissal for the same reasons outlined by the Magistrate Judge in his Report.

After *de novo* review, therefore, the Court agrees with the Magistrate Judge's analysis and finds nothing in Plaintiff's objections or proposed amended complaint sufficient to alter the Magistrate Judge's findings and recommendations. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 13) and specifically incorporates it**

**herein, and the Court overrules Plaintiff's objections (ECF No. 17). Thus, for the reasons set forth by the Magistrate Judge, the Court dismisses this action with prejudice (aside from any claims barred by *Heck* or the *Rooker-Feldman* doctrine), without leave to amend, and without issuance and service. Additionally, due to Plaintiff's proclivity for filing duplicative and frivolous actions such as this, the Court hereby sanctions Plaintiff $405.00, payable to the Clerk of Court at 250 East North Street, Greenville, SC 29601, for filing this action.** Furthermore, if Plaintiff attempts to file another action in this Court before paying the filing fee and the sanction from this case, the Court hereby authorizes the Clerk of Court to assign a civil action number to such other action (for docket control purposes) so the Magistrate Judge may (1) instruct Plaintiff to pay the filing fee and sanction from this case (and dismiss the other action if Plaintiff fails to do so) or (2) certify that such other action is not frivolous.

    **IT IS SO ORDERED.**

                                                      /s/Bruce H. Hendricks
                                                      United States District Judge

May 29, 2024
Charleston, South Carolina